Parker C. J.
It having been decided in the case of Stark v. Parker, that an action cannot be maintained on a quantum meruit for labor and services, by one who had made a special agreement as to time and wages, and had broken his contract by leaving the service before the time expired, voluntarily and without any fault on the part of the defendant, the only question requiring our attention in this case is, *356 whether the minority of the plaintiff when he nade the spe contract constitutes a difference.
If it were true, as alleged in the argument, that this con tract for- work and labor is binding on an infant because it is for his benefit, then it ought to follow that a violation of it should deprive him of the right to obtain compensation for a partial performance. But we apprehend that this contract is voidable by the infant, it not coming within the exception to the general rule of law, that all contracts by infants may be avoided by them either before or after they arrive at full age. This is an elementary principle and authorities need not be cited to support it. Contracts made for maintenance and education according to the degree of the infant, if he have no parent or guardian, are to be enforced from regard to the infant himself; for if he may avoid such contracts none will trust him, and he may be left to present want and with out the means of providing a future living.
But a contract for his services only, although he is to receive wages, ought not to be binding, because he is not presumed to be capable of judging of the value of his services, nor of the kind of labor most suitable for him. Even a con tract of apprenticeship, by means of which he is to acquire a knowledge of some mechanical or other business, is not by the principles of the common law obligatory; certainly a contract by which he disposes of his personal labor without any stipulation for instruction, is less deserving of legal protection.
The cases cited to prove that this was a binding contract upon the plaintiff, because it was for his interest, only show that it was not absolutely void, but only voidable. He has avoided it by leaving the service before the time expired, and by bringing his action upon a quantum meruit, instead of an action upen the contract. There are some cases from which it has been inferred in argument, that certain acts done by an infant are not only not void, but cannot even be avoided by him; but that doctrine has been only applied to cases of land, which it is said are necessarily required by law to be binding, otherwise the land would lie unoccupied There is no case in which it is holden that an executor) *357 contract by an infant, except for necessaries, is binding. II the ground taken by the defendant could be maintained, that this contract could not be avoided, because it is for the benefit of the infant, then every loan of money of which he might make a profitable use, and every sale of goods upon which he might get an advanced price, would form a consideration for a promise which he could never avoid; and in order to determine his right of rescinding, it would be necessary to look into the consequences of his contracts. But the law has established the general rule from a regard to the general effect of allowing minors to make valid contracts, not with a view to the particular benefit or mischief which might result from them.
The contract then being lawfully avoided, the question remains, whether the plaintiff is entitled to recover a reasonable compensation for his services, as though no such contract had been made. An infant is by law entitled to recover wages for his personal services ; he may sue for them by prochein ami while under age, or by himself when he. comes of age. An infant may also make a special contract for his services, which shall be binding on the party with whom he contracts, if the infant do not choose to avoid it. Such contract is valid until it is avoided.
Is there any implied promise to pay m a manner different from the provisions of such contract ? We think the special contract being avoided, an indebitatus assumpsit upon a quantum meruit lies, as it would if no contract had been made ; and no injustice will be done, because the jury will give no more than under all circumstances the services were worth, making any allowance for any disappointment amounting to an injury which the defendant in such case would sustain by the avoiding of the contract. This is the ground taken by the Court of Common Pleas -at the trial. We think it both reasonable and lawful ; so that the judgment ought to be affirmed.[1]

 S. P. Corpe v. Overton, 10 Bingh. 252, (25 Serg. & Lowb. 121); S. C. 3 Moore & Scott, 738. But see Weeks v. Leighton, 5 N. Hamp. R. 343, and M'Coy v. Huffman, 8 Cowen, 84, contrà. These cases depend much on *358 Holmes v. Blogg, 8 Taunt. 508, as an authority for holding a different doctrine from that maintained in Moses v. Stevens, supra. But the case Holmes v. Blogg, has been so limited and explained in the late case Corpe v. Overton, that it is evident it would no longer be regarded in the court where it was decided, as an authority for the position taken in Weeks v. Leighton, and M'Coy v. Huffman, ubi supra. See also Abell v. Warner, 4 Vermont R. 149